UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GARY B. EVANS,**

      **Petitioner,**

**-vs-**              Case No. 6:09-cv-328-Orl-19DAB
                 (6:06-cr-75-Orl-19DAB)
**UNITED STATES OF AMERICA,**

      **Respondent.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Petitioner Gary B. Evans (Doc. No. 1, filed Feb. 19, 2009);

2. Amendments to Motion to Vacate/Set Aside or Correct Sentence by Petitioner Gary B. Evans (Doc. No. 3, filed Apr. 20, 2009);

3. Response in Opposition to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Respondent United States of America (Doc. No. 9, filed May 15, 2009); and

4. Reply to Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Petitioner Gary B. Evans (Doc. No. 13, filed June 18, 2009).

## Background

Petitioner was charged in a four-count superseding indictment with (1) knowingly conspiring, for the purpose of financial gain, to arrange, induce, procure, and facilitate the travel of a person in interstate and foreign commerce knowing that the person was traveling for the purpose

of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(e); (2) for the purpose of financial gain, knowingly arranging, inducing, procuring, and facilitating the travel of a person in interstate and foreign commerce knowing that the person was traveling for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(d); (3) knowingly attempting to receive and receiving material containing images of child pornography that had been mailed, shipped, and transported in interstate and foreign commerce, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1); and (4) attempting to possess and possessing material containing images of child pornography that had been mailed, shipped, and transported in interstate and foreign commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (Criminal Case No. 6:06-cr-75-Orl-19DAB, Doc. No. 41, filed Aug. 9, 2006).[1]

Petitioner entered into a written plea agreement and pled guilty before Magistrate Judge David A. Baker to Count I of the Superseding Indictment. (Criminal Case Doc. No. 69, filed Oct. 18, 2006; Criminal Case, Doc. No. 70, filed Oct. 23, 2006.) Magistrate Judge Baker entered a Report and Recommendation, recommending that the guilty plea be accepted and that Petitioner be adjudicated guilty. (Criminal Case Doc. No. 73, filed Oct. 23, 2006.) This Court accepted the plea and adjudicated Petitioner guilty as to Count I. (Criminal Case Doc. No. 76, filed Oct. 26, 2006.) A sentencing hearing was conducted, and on January 24, 2007, the Court entered a Judgment sentencing Petitioner to a two-hundred fifty (250) month term of imprisonment to be followed by a life term of supervised release. (Criminal Case Doc. No. 85, filed Jan. 24, 2007.) Counts II, III, and IV were dismissed pursuant to the Plea Agreement. (Criminal Case Doc. No. 99 at 106.)

---

[1] Criminal Case No. 6:06-cr-75-Orl-19DAB will be referred to as "Criminal Case."

Petitioner signed an Acknowledgment of Right to Appeal at the sentencing hearing. (Criminal Case Doc. No. 83, filed Jan. 24, 2007.) Petitioner timely appealed, arguing that he did not knowingly or voluntarily plead guilty because (1) he was under the influence of numerous prescription medications at his plea hearing; and (2) the magistrate judge's inquiry into the effect of the medications on his ability to understand the nature of the proceedings was insufficient under Rule 11 of the Federal Rules of Criminal Procedure. (Criminal Case Doc. No. 119 at 3, filed Oct. 16, 2007.) The Eleventh Circuit Court of Appeals determined that the magistrate judge carefully and thoroughly examined whether Petitioner was competent to proceed with a change of plea hearing and whether he understood the nature of the proceedings. (*Id.* at 4.) The Eleventh Circuit further noted that Petitioner made several statements indicating that he understood the nature and consequences of the hearing. (*Id.*) Based on these findings, the Eleventh Circuit rejected both of Petitioner's arguments on appeal and affirmed his sentence. (*Id.*)

Petitioner timely filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255, asserting seven grounds for relief: (1) ineffective assistance of trial counsel (Doc. No. 1 at 7-8; Doc. No. 1-2 at 2-12, 41-42; Doc. No. 3 at 4-10);[2] (2) involuntary plea of guilty (Doc. No. 1 at 8-9; Doc. No. 1-2 at 13-15, 42-44); (3) misrepresentation of facts by the Government (Doc. No. 1 at 10-11; Doc. No. 1-2 at 16-29, 44-50); (4) inaccurate factual statements in the Presentence Report (Doc. No. 1 at 11-13; Doc. No. 1-2 at 30-38, 50); (5) illegal forfeiture of assets (Doc. No. 1-2 at 39-40, 50-51); (6) prosecutorial misconduct (Doc. No. 3 at 11-32); and (7) violation

---

[2] Petitioner claims ineffective assistance of trial counsel in the Motion (Doc. No. 1) and violation of his Sixth Amendment right to effective trial counsel in the Amendment to the Motion (Doc. No. 3). For clarity, the Court groups all of Petitioner's claims of ineffective assistance of trial counsel into a single ground for relief.

of his Eighth Amendment rights based on the conduct alleged in Grounds 1 - 6. (Doc. No. 3 at 33-34.) The Government filed a response to the Section 2255 Motion. (Doc. No. 9.) Petitioner filed a reply to the response. (Doc. No. 13.)

**Standard of Review**

**I.     Relief**

Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2009). If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* To obtain this relief on collateral review, however, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

**II.    Hearing**

Under Section 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'"

*Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

**Analysis**

**I. Sentence-appeal Waiver**

Pursuant to the sentence-appeal waiver provision of Petitioner's plea agreement, Petitioner agreed that

> this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and *expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground*, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds that statutory maximum penalty; or [(c)] the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then [Petitioner] is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Criminal Case Doc. No. 69 at 14 (emphasis added).) Before determining whether the sentence-appeal waiver bars Petitioner's claims here, it is appropriate to determine whether the sentence-appeal waiver is valid.

**A. Validity of Sentence-appeal Waiver**

Sentence-appeal waivers are valid if made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). "To establish the waiver's validity, the government

must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

During the plea colloquy, Petitioner identified his plea agreement and acknowledged that he read and understood the terms of the plea agreement, signed the plea agreement, and discussed the plea agreement with counsel:

> THE COURT: I'm going to ask the clerk to show you and the attorneys what's been tendered to the court as a plea agreement in the case. I want to you [to] look at it, and if it's correct, to acknowledge it as your plea agreement. Mr. Evans, is this your plea agreement?
>
> THE DEFENDANT: Yes, it is.
>
> THE COURT: Did you initial it on each page and sign it at the end?
>
> THE DEFENDANT: Yes, I did, sir.
>
> THE COURT: Mr. Szachacz, is this the plea agreement of your client in this case?
>
> MR. SZACHACZ: Yes, Judge.
>
> THE COURT: Has it been signed at the end by Mr. Funk, one of your colleagues, as one of the attorneys for the defendant?
>
> MR. SZACHACZ: Yes, Judge. And I was present when we read every word to Mr. Evans.
> . . .
> THE COURT (to the Defendant): Did you read every word of this plea agreement from the very beginning to the very end before you signed it?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: Did you discuss the plea agreement with your attorney before you signed it?
>
> THE DEFENDANT: Yes, I did, Your Honor.

> THE COURT: Do you understand the plea agreement?
>
> THE DEFENDANT: Yes, Your Honor, I do.

(Criminal Case Doc. No. 102 at 11-12, filed Mar. 15, 2007). Petitioner further acknowledged his understanding that he would be waiving certain rights by entering into the plea agreement, including the right to collaterally attack his sentence except in limited circumstances:

> THE COURT: Now, once you have been sentenced by the district judge, under the terms of your plea agreement you are, for most purposes, giving up any right to challenge the sentence on appeal or otherwise. There's certain exceptions to that. If the government were to appeal the sentence, which it has the right to do, then you could appeal. Or if the district judge were to impose a sentence in violation of the Eighth Amendment to the Constitution or above the statutory maximum or in excess of the guideline range that the district judge finds applies to you, you could challenge those things. But otherwise you're going to be bound by what the district judge does. *You won't be able to appeal it or challenge it under any kind of a collateral attack under habeas corpus or Section 2255 or otherwise.* Do you understand that?
>
> THE DEFENDANT: Yes, sir.
> . . .
> THE COURT: Do you understand that by pleading guilty and waiving your right to trial, you're also giving up your right to appeal or challenge the finding of guilt? It's not just the sentencing issues that we've talked about, but in the finding of guilt. *You won't be able to appeal that or challenge it in any kind of collateral attack under habeas corpus, Section 2255 or otherwise.* Do you understand that?
>
> THE DEFENDANT: Yes, sir.

(*Id.* at 17-18, 22-23 (emphasis added).) Petitioner also acknowledged that he understood his right to maintain a plea of not guilty and that he was not threatened, coerced, or pressured into pleading guilty:

> THE COURT: Do you understand that you have a right to maintain your plea of not guilty and to go to trial on the charges in the superseding indictment?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You're not required to plead guilty here?

>THE DEFENDANT: I understand that, sir.

>THE COURT: Has anybody done anything that you consider to be wrong or unfair to get you to plead guilty to this charge?

>THE DEFENDANT: No, sir.

>THE COURT: Has there been any threats or coercion or improper pressure of any kind placed on you to get you to plead guilty?

>THE DEFENDANT: No, sir.

(*Id.* at 10.)

Petitioner argues that he unknowingly and involuntarily entered a guilty plea because he was under the influence of numerous prescription medications during the plea colloquy. (Doc. No. 1 at 8-10; Doc. No. 1-2 at 13-15.) This argument was raised on appeal and rejected by the Eleventh Circuit. (Criminal Case Doc. No. 119 at 2-4.) This Court is not required on Section 2255 motions to reconsider claims of error that were raised and resolved on direct appeal. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). Petitioner has failed to set forth any grounds that demonstrate the necessity for reconsideration of his claim that his plea was unknowing and involuntary due to his medications. In light of the Magistrate's thorough and comprehensive plea colloquy and the Eleventh Circuit's ruling that Petitioner knowingly and voluntarily pled guilty, the sentence-appeal waiver is valid.

**B. Effect of Valid Sentence-appeal Waiver**

Finding that the sentence-appeal waiver is valid, the Court must determine whether Petitioner's challenges here are barred by the sentence-appeal waiver. The plea agreement prohibits Petitioner from collaterally challenging his sentence on any ground except "(a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United

States Sentencing Guidelines; (b) the ground that the sentence exceeds that statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution." (Criminal Case Doc. No. 69 at 14.)

Petitioner's claims of ineffective assistance of counsel at sentencing (Doc. No. 1 at 7-8; Doc. No. 1-2 at 2-12, 41-42; Doc. No. 3 at 4-10); misrepresentation of facts by the Government (Doc. No. 1 at 10-11; Doc. No. 1-2 at 16-29, 44-50), inaccurate factual statements in the Presentence Report (Doc. No. 1 at 11-13; Doc. No. 1-2 at 30-38, 50), and prosecutorial misconduct (Doc. No. 3 at 11-32) do not fall within the three exceptions to the sentence-appeal waiver permitting collateral attack of Petitioner's sentence. Therefore, the sentence-appeal waiver bars review of those claims by this Court.

## II. Procedural Default

A defendant who fails to object at the trial court level to error he believes the court has committed or fails to raise such objection on appeal is procedurally barred from presenting his objection in a motion subsequently filed under 28 U.S.C. § 2255 absent a showing of (1) cause and prejudice or (2) a fundamental miscarriage of justice. *See United States v. Frady*, 456 U.S. 152, 166-68 (1982); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). In order to show cause, a petitioner must show some external impediment preventing counsel from constructing or raising the claim. *High v. Head*, 209 F.3d 1257, 1262-63 (11th Cir. 2000). "Such external impediments include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel." *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). Absent cause and prejudice, the procedural default of a constitutional claim may be excused

only if enforcing the default would result in a fundamental miscarriage of justice. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). This exception applies if the petitioner can show that, in light of new evidence, it is probable that no reasonable juror would have convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner's claims of misrepresentation of facts by the Government (Doc. No. 1 at 10-11; Doc. No. 1-2 at 16-29, 44-50); inaccurate factual statements in the Presentence Report (Doc. No. 1 at 11-13; Doc. No. 1-2 at 30-38, 50); illegal forfeiture of assets (Doc. No. 1-2 at 39-40, 50-51); prosecutorial misconduct (Doc. No. 3 at 11-32); and violation of the Eighth Amendment (Doc. No. 3 at 33-34) could have been raised on direct appeal, but Petitioner failed to do so. Petitioner does not allege cause or prejudice for failing to raise these claims on direct appeal, and Petitioner does not maintain that there was any fundamental miscarriage of justice. Moreover, Petitioner's waiver of the right to assert these claims on direct appeal pursuant to the sentence-appeal waiver provision of the plea agreement is not cause for excusing Petitioner's procedural default. *Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001). Therefore, Petitioner is procedurally barred from raising these claims in his Section 2255 Motion.

## III. Ineffective Assistance of Counsel

As discussed above, Petitioner waived his right to claim ineffective assistance of counsel at sentencing pursuant to the sentence-appeal waiver. *See supra* part I. However, Petitioner also claims that ineffective assistance of trial counsel rendered his guilty plea unknowing and involuntary. (Doc. No. 1-2 at 13-15.)

Although a valid sentence-appeal waiver precludes collateral attack of a sentence through a claim of ineffective assistance of counsel during sentencing, *Williams v. United States*, 396 F.3d

1340, 1342 (11th Cir. 2005), a valid sentence-appeal waiver does not bar a claim that ineffective assistance of counsel rendered the plea itself unknowing or involuntary and thus invalid. *Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007). However, courts may reject a claim that a plea was invalid for ineffective assistance of counsel if such claim is contradicted by a petitioner's statements in the record. *Id.* at 975; *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[R]epresentations of the defendant . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 ("[T]here is a strong presumption that the statements made during the [plea] colloquy are true.").

Petitioner argues that his guilty plea was invalid due to ineffective assistance of counsel because counsel misinformed Petitioner at some point before the plea colloquy on October 23, 2006, that Petitioner had no choice but to plead guilty at the plea colloquy pursuant to the plea agreement. (*See* Doc. No. 1-2 at 15 ("Counsel was ineffective, in misinforming the Defendant and his wife, that the Defendant cannot change his plea.").) Petitioner further asserts that counsel stated to him and his wife, "judges don't like [d]efendants changing their plea[s], and when they do, [j]udges give[] harsher punishment." (*Id.*) Petitioner maintains that this statement by counsel intimidated and scared Petitioner "worse."[3] (*Id.*)

---

[3] Petitioner maintains that counsel coerced and intimidated him into pleading guilty by (1) telling Petitioner that "judges don't like [d]efendants changing their plea[s], and when they do, [j]udges give[] harsher punishment" (Doc. No. 1-2 at 15) and "you may never see the light of day" (Doc. No. 3 at 5); and (2) telling Petitioner's wife that "you need to be convincing" and "Gary is
(continued...)

Petitioner's claim that counsel's misinformation and intimidation caused him to unknowingly and involuntarily plead guilty is contradicted by his statements during the plea colloquy that he understood his right to maintain a plea of not guilty and that he was not threatened, coerced, or pressured into pleading guilty:

> THE COURT: Do you understand that you have a right to maintain your plea of not guilty and to go to trial on the charges in the superseding indictment?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You're not required to plead guilty here?
>
> THE DEFENDANT: I understand that, sir.
>
> THE COURT: Has anybody done anything that you consider to be wrong or unfair to get you to plead guilty to this charge?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Has there been any threats or coercion or improper pressure of any kind placed on you to get you to plead guilty?
>
> THE DEFENDANT: No, sir.

(Criminal Case Doc. No. 102 at 10.) In light of Petitioner's statements in the record, his claim that counsel's actions caused him to unknowingly and involuntarily plead guilty must be rejected. *Blackledge*, 431 U.S. at 73-74; *Gonzalez-Mercado*, 808 F.2d at 800 n.8; *Patel*, 252 F. App'x at 975.

## IV. Illegal Forfeiture of Assets

Petitioner claims that several of his assets were illegally forfeited by the Government. (Doc. No. 1-2 at 39-40.) Pursuant to the plea agreement, Petitioner agreed to forfeit the contested assets,

---

(...continued)
toast." (Doc. No. 1-2 at 6.) Petitioner also asserts that counsel's comments were particularly coercive due his father's death shortly before he pled guilty. (Doc. No. 1-2 at 43.)

agreed that such forfeiture was not excessive, and waived any constitutional claims that such forfeiture constituted an excessive fine. (Criminal Case Doc. No. 69 at 7-9.) At the plea colloquy, Petitioner acknowledged to the Court that he understood the forfeiture provisions of the plea agreement:

> THE COURT: There's also provisions in this plea agreement about forfeiture of assets and there's a substantial list of items subject to any interest that you have in those items to be forfeited to the government, a number of computer related items and some other related items as well as a piece of real property and two checks made payable to you. Do you understand that you'd be forfeiting any interest in those items?
>
> THE DEFENDANT: I understand that, Your Honor.

(Criminal Case Doc. No. 102 at 14-15.) Accordingly, Petitioner knowingly and voluntarily forfeited the contested assets and waived his right to challenge such forfeiture.

In addition, Petitioner's challenge to the forfeiture of his assets is outside the scope of this Section 2255 proceeding, which provides an avenue to challenge custody under a federal criminal conviction or sentence. *Saldana v. United States*, 273 F. App'x 842, 844 (11th Cir. 2008); *see also Mamone v. United States*, 559, F.3d 1209, 1211 (11th Cir. 2009) (noting that Section 2255 only permits relief from a custodial sentence); *United States v. Banguera*, 62 F.3d 393 (table), 1995 WL 449891, at *1 (5th Cir. June 30, 2008), ("Because [the petitioner] is challenging only the forfeiture of assets, which does not go to the validity of his conviction or sentence, his claim is not cognizable under § 2255."). Thus, Petitioner's claim of illegal forfeiture of assets is not properly before this Court and must be rejected.

## V. Violation of Petitioner's Eighth Amendment Rights

Petitioner maintains that the alleged conduct underlying each of his six other claims violates his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. No. 3 at 33-34.)

Petitioner does not cite, and the Court does not find, any legal basis for this argument. Accordingly, Petitioner's Eighth Amendment claim must be rejected.

**Conclusion**

Based on the foregoing, the Court finds that Petitioner is not entitled to a hearing because his claims are either facially deficient or affirmatively contradicted by the record. Petitioner has not demonstrated that he is entitled to relief on any of the claims he has raised. Any allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Petitioner Gary B. Evans (Doc. No. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:06-cr-75-Orl-19DAB and to terminate the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Criminal Case Doc. No. 130, filed Feb. 19, 2009) pending in that case.

4. This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the

denial of a constitutional right.[4] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** at Orlando, Florida, this __11th___ day of January, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Gary B. Evans
Counsel of Record

---

[4] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.